IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| P. BROWN BEY, *Heir-in-law of Elsey and Henly Brown, In Propria Persona, Sui Juris*, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:25-cv-00870-RAH ) |
| STEVE MARSHALL, *et al.*, | ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff—a self-described "Moorish American by nationality," a "lawful and faithful member of the Moorish Science Temple of America" who "adhere[s]to the ancient customs, sacred laws, and land inheritance rites of the Moabites, the ancient mothers and fathers of civilization, as recognized under the Holy Koran Circle Seven divinely prepared by THE NOBLE DREW ALI"—seeks to "affirm the lawful and supreme title held by the lawful heirs of Elsey Brown and Henly Brown, through original federal land patents recorded with the United States Bureau of Land Management." (Doc. 1.) According to Plaintiff, he seeks no monetary damages but instead asserts, under claims of quiet title and declaratory judgment, that Defendants Steve Marshall (Attorney General of the State of Alabama), Kathy Evans (Revenue Commissioner of Autauga County), Jay Thompson (Chair of the Autauga County Commission), and Kim Kervan (Administrative Tax Assessor for Autauga County), have clouded title, imposed unlawful taxes, issued unauthorized assessments, and threatened unlawful takings of federally patented land. The Complaint also alleges

that jurisdiction exists "under 28 U.S.C. § 1331 as this action arises under the Constitution and laws of the United States, including the federal land patent statutes, the Supremacy Clause (U.S. Const. Art. VI), and the Declaratory Judgment Act, 28 U.S.C. § 2201." (Doc. 1 at 1.)

The Defendants, except for Defendant Steve Marshall, have moved to dismiss, stating there is no subject matter jurisdiction. The Defendants also argue the Complaint fails to state a claim upon which relief can be granted.

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the subject matter jurisdiction of a particular case. Fed. R. Civ. P. 12(b)(1). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.

When a party files a Rule 12(b)(1) motion along with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Gardner v. Mutz*, 962 F.3d 1329, 1339 (11th Cir. 2020). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the complaint lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir. 2024).

A district court must have one of three types of subject matter jurisdiction to entertain an action: (1) jurisdiction pursuant to a statutory grant, (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331, or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). If a district court determines that it lacks subject matter jurisdiction, it is powerless to continue and must dismiss the complaint. *Univ. of S. Ala. v. Am.*

*Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

In his Complaint, Plaintiff, an Alabama resident, brings claims against state government officials for quiet title and declaratory judgment, and states that "[t]his Court has jurisdiction under 28 U.S.C. § 1331 as this action arises under the Constitution and laws of the United States, including the federal land patent statutes, the Supremacy Clause (U.S. Const. Art. VI), and the Declaratory Judgment Act, 28 U.S.C. § 2201." (Doc. 1 at 1.) But these claims, nor their broad references to federal statutes and the Constitution, do not invoke the jurisdiction of this Court. *See Yocum v. Select Portfolio Servicing, Inc.*, No. 23-10714, 2024 WL 490113 (11th Cir. Feb. 8, 2024) (citing *Oneida Indian Nation of N.Y. State v. Oneida County*, 414 U.S. 661, 676–77 (1974), and *Burat's Heirs v. Board of Levee Commissioners*, 496 F.2d 1336 (5th Cir. 1974),[1] and affirming dismissal of quiet title complaint that invoked federal land patents because federal question jurisdiction is not raised merely because title to land devolves from a federal land patent); *Nalls v. Countrywide Home Services, LLC*, 279 F. App'x 824 (11th Cir. 2008) (affirming dismissal of complaint because the Supremacy Clause does not confer subject matter jurisdiction); *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989)(holding that the Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question"). Having failed to invoke this Court's jurisdiction, the Complaint is due to be dismissed.[2]

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] The Court would be remiss if it failed to note that Plaintiff appears to be asserting "sovereign citizen" claims since Plaintiff is challenging the taxing and assessment authority of local government officials and uses words and phrases such as "lawful divine inheritance," "supreme beneficial interest in the patented land," "propria persona," "divine honor," and "ancestral land patents."

Accordingly, for good cause, it is **ORDERED** as follows:

1. Defendant Steve Marshall's *Motion to Dismiss*[3] (doc. 9) is **DENIED** as moot;
2. The *Motion to Dismiss* (doc. 11) of Defendants Kathy Evans, Jay Thompson, and Kim Kervin is **GRANTED**;
3. This lawsuit is **DISMISSED without prejudice** as this Court lacks subject matter jurisdiction; and,
4. A separate Final Judgment will issue.

**DONE**, on this the 26th day of January 2026.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Marshall did not make a subject matter jurisdiction argument in his motion. Nevertheless, even if not made, the Court is obligated to consider the issue, and having determined that jurisdiction does not exist, the claims against Marshall are due to be dismissed also.